IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RAYMEY VOSS                                                                                      PLAINTIFF
#0034336

v.                                              4:21-cv-00157-LPR-JJV

JOHN STALEY, Sheriff; and
KRISTIE FLUD, Jail Administrator, Lonoke County                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.  INTRODUCTION**

Raymey Voss ("Plaintiff") is a pretrial detainee at the Greene County Detention Facility. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Sheriff John Staley and Jail Administrator Kristie Flud violated his constitutional rights while he was a pretrial

detainee in the Lonoke County Detention Facility (LCDF). (Doc. 2.) After careful review and consideration, I recommend the Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

## II.  DISCUSSION

Plaintiff says that in February 2021, Defendant Staley violated his First Amendment right to freely exercise his religious beliefs by ordering the seizure of eight of his religious books. He also claims Defendant Flud failed to take corrective action after reading his grievances about the seizure. To plead a plausible free exercise claim under the First Amendment, a complaint must contain facts suggesting officials substantially burdened a prisoner's sincerely held religious beliefs. *Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1053 (8th Cir. 2020); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008). To constitute a "substantial burden," the defendant's actions must:

> significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Id.* Plaintiff does not explain how long the books were seized, whether he had access to other religious texts during the seizure, or how the seizure of his eight books otherwise substantially burdened the exercise of his sincerely held religious beliefs. Further, even if this threshold requirement had been satisfied, a prison's restriction on the free exercise of religion under the First Amendment is constitutional if it was "reasonably related to legitimate penological interests."

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

*Turner v. Safley*, 482 U.S. 78, 89 (1987); *Mbonyunkiza*, 956 F.3d at 1053. When making this determination, a court must consider: (1) whether there is a valid rational connection between the prison regulation and the government interest in justifying it; (2) if there is an alternative means for the prisoner to exercise his or her religious beliefs; (3) whether an accommodation would have a significant ripple effect on guards, other inmates, and prison resources; and (4) if there is an alternative means that fully accommodates the prisoner at *de minimis* cost to valid penological interests. *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 831 (8th Cir. 2009). The Complaint does not explain why Plaintiff's books were seized, whether he had access to other religious texts while his books were seized, or if he had alternative means for exercising his religious beliefs during the seizure. *See Murphy v. Mo. Dep't of Corr.,* 372 F.3d 979, 983 (8th Cir. 2004) ("A prisoner need not be afforded his preferred means of practicing his religion as long as he is afforded sufficient means to do so"). For these reasons, I conclude the Complaint does not contain a plausible free exercise claim.

Second, Plaintiff says Defendants Staley and Flud violated his Fourteenth Amendment due process rights by failing to return his religious books to him when he left the LCDF on February 10, 2021. A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Arkansas provides such a post-deprivation remedy by allowing Plaintiff to file a conversion action, in state court, against Defendants for the alleged loss of his religious books. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision) (same). Accordingly, I conclude the Complaint does not contain a plausible due process property

claim.

Finally, Plaintiff says Defendant Staley retaliated against him for "helping people with 1983 forms, grievances, and lawsuits" by transferring him to another detention facility. (Doc. 2 at 5.) To plead a plausible retaliation claim, a prisoner must provide facts suggesting: (1) he engaged in constitutionally protected activity, (2) defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020). Plaintiff did not have a constitutional protected right to assist other prisoners or detainees in filing forms, grievances, or lawsuits. *Rouse v. Benson*, 193 F.3d 936, 941 (8th Cir. 1999); *Eaton v. Dooley*, 2000 WL 1121369 (8th Cir. Aug. 9, 2000) (unpublished decision). Thus, he has not pled a plausible retaliation claim.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint curing them, and cautioned him I would recommend dismissal if he did not do so. (Doc. 5.) Plaintiff has not filed an Amended Complaint, and the time to do so has expired.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of May 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

danger of serious physical injury."